It is referred to the Supreme Court to determine whether such execution shall issue, or whether the plaintiff is required to take his (559) scire facias.
The practice in such cases as that stated in this cause has been different in the different parts of the State; and I think that it is well it has been brought here, so that it may be settled. It is true that the defendant cannot plead to a scire facias anything that he pleaded or might have pleaded to the original action. This is the chief argument relied on by those who wish the special fieri facias to go on motion, but does not satisfy me, because it does not meet the whole question. There may be matters arising after judgment which could form a good defense, and the defendant ought to have an opportunity of showing them. Where such are alleged and disputed, ought the court to decide upon them and thereby pass upon a disputed fact? I should think not. And though there might be cases where the court would do no injustice by issuing the special fieri facias, in the first instance, yet there are others where much *Page 407 
inconvenience might follow to the defendant. I am led to this conclusion the more readily by considering that the plaintiff, on the other hand, suffers very little hardship — only that of the delay of two terms — and has it also in his power to obtain remuneration for that delay, by the way of interest, by bringing debt for a devastavit, instead of thescire facias. In order, therefore, that the parties may be fully heard on both sides, and that the practice may be uniform, I am of opinion that the special fieri facias ought to be refused on this motion, and the plaintiff have leave to issue his scire facias.
NOTE. — See Burnside v. Green, 3 N.C. 112, and the note thereto.
Cited: McDowell v. Asbury, 66 N.C. 447; Ray v. Patton, 86 N.C. 390.
(560)